UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JURIJUS KADAMOVAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-cv-00490-JRS-MJD |
| KATHERINE SIEREVELD, | ) |
| Defendant. | ) |

**Order Granting Defendant's Motion to Dismiss**

Plaintiff Jurijus Kadamovas is incarcerated at the United States Penitentiary in Terre Haute, Indiana. His amended complaint alleges that defendant Katherine Siereveld opened and inspected Mr. Kadamovas's legal mail outside his presence. Dkt. 20 at 18−23. Ms. Siereveld has moved to dismiss the amended complaint, arguing that (1) Mr. Kadamovas has not alleged any constitutional violation; (2) Mr. Kadamovas has not alleged an Eighth Amendment violation; and (3) Mr. Kadamovas has no implied cause of action under *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). Dkts. 23, 24. Because Mr. Kadamovas has not alleged an Eighth Amendment violation and because any other alleged constitutional violation does not give rise to an implied cause of action under *Bivens*, Ms. Siereveld's motion to dismiss is **granted**.

**I. Eighth Amendment**

To state a claim for cruel and unusual punishment in violation of the Eighth Amendment, a prisoner must allege (1) that the conditions of confinement result in a denial of "the minimal civilized measure of life's necessities" and (2) that a prison official was deliberately indifferent to such denial. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotation marks omitted); *see also Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (same, noting that "the minimal civilized

measure of life's necessities" include adequate sanitation and personal hygiene items). Mr. Kadamovas's allegations fail to satisfy the first prong. Immediate access to one's mail and the attorney-client privilege are not among "the minimal civilized measure of life's necessities." *Cf. Budd*, 711 F.3d at 842. He has therefore failed to state a claim under the Eighth Amendment.

## II. *Bivens*

42 U.S.C. § 1983 provides a damages remedy for plaintiffs who assert constitutional violations by state officials, but no statute provides such a remedy against federal officials. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). However, the Supreme Court has recognized an implied cause of action for three types of constitutional violations by federal officials: (1) unlawful search and seizure in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 397; (2) gender discrimination in violation of the Fifth Amendment's Due Process Clause, *Davis v. Passman*, 442 U.S. 228, 248−49 (1979); and (3) failure to provide adequate medical treatment to a prisoner in violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, *Carlson v. Green*, 446 U.S. 14, 19 (1980). But the Supreme Court has "never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012).

Expanding the *Bivens* remedy is a "disfavored" judicial activity. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *see also Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) ("Since *Carlson* we have consistently refused to extend *Bivens* liability to any new context or new category of defendants."). So where, as here, a plaintiff seeks to expand *Bivens* to a new context, a court must assess "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). "[T]he existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Abbasi*, 137 S. Ct. at 1865.

Here, Mr. Kadamovas has alternative remedies to redress his claims. He may use the Bureau of Prisons' administrative remedy process. *See* dkt. 1-3. And he may file motions in any pending litigation to prevent misuse of privileged documents. *See* dkt. 1-2. Mr. Kadamovas asserts that those remedies have proven ineffective, but his failure to obtain his desired relief through other means does not compel the creation of a new implied right of action. *See Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018) (plaintiff had meaningful alternative remedies, despite failure to obtain relief in administrative review process and state court litigation). Finally, to the extent Mr. Kadamovas complains about destruction of property, he may be able to seek relief under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Abbasi*, 137 S. Ct. at 1865. In passing the Prison Litigation Reform Act of 1995 ("PLRA"), Congress "placed a series of controls on prisoner suits . . . designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 562 U.S. 521, 535–36 (2011); *see also Jones v. Bock*, 549 U.S. 199, 223 (2007) (one goal of PLRA was to "reduce the quantity of inmate suits"). Congress's enactment of the PLRA further suggests that it would not endorse the creation of a new cause of action in this context.

Accordingly, the Court declines to extend *Bivens* to create an implied cause of action for First Amendment claims based on prison officials' inspection of inmates' legal mail or any other constitutional violation alleged in Mr. Kadamovas's amended complaint.

### III. Conclusion

Ms. Siereveld's motion to dismiss the amended complaint for failure to state a claim, dkt. [23], is **granted.**

This marks at least the third time Mr. Kadamovas has brought an action or appeal in federal court that was dismissed for failure to state a claim on which relief may be granted. *See Kadamovas v. Caraway*, No. 2:14-cv-00179-WTL-WGH, Dkt. 11 (S.D. Ind. Dec. 11, 2015); *Kadamovas v. Watts*, No. 2:09-cv-00259-WTL-JMS, Dkt. 12 (S.D. Ind. Nov. 30, 2009). Accordingly, he may no longer "bring a civil action or appeal a judgment in a civil action or proceeding under [28 U.S.C. § 1915] . . . unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In other words, he may no longer file an action or appeal *in forma pauperis* as a prisoner. *Sanders v. Melvin*, 873 F.3d 957, 959 (7th Cir. 2017) (referring to 28 U.S.C. § 1915(g) as "the three-strikes rule").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/3/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JURIJUS KADAMOVAS
21050-112
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov